1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

J & J SPORTS PRODUCTIONS, INC.,
                                    Plaintiff,

            v.

EL CHAMIZAL, LLC, et al.,
                                    Defendants.

Case No. 2:12-cv-01905-APG-CWH

**ORDER SETTING ASIDE DEFAULT AND DEFAULT JUDGMENT**

(Dkt. #23)

10
11
12
13
14
15
16

        Plaintiff J & J Sports Productions, Inc. held the exclusive right to display certain closed-circuit television events such as the "WBO Light Middleweight Championship Fight."  Defendant El Chamizal, LLC is a local restaurant; defendant Juan Moreno owns and operates El Chamizal.  Defendants allegedly intercepted and played J&J's programming for El Chamizal's patrons without J&J's authorization.  J&J filed this lawsuit claiming defendants' conduct violates 47 U.S.C. §§ 605 and 553.

17
18
19

        Defendants failed to timely file an answer.  The clerk of court entered default against them on June 27, 2013, and I ordered a default judgment for statutory damages in the amount of $30,000.[1]

20
21
22
23
24
25
26

        Defendants seek to set aside the default and default judgment.  I find they have provided good cause to do so: (1) there is no apparent prejudice to J&J because there is no evidence its claims will be hindered; (2) defendants are not culpable because Moreno mistakenly relied on a third-party's assurance that this litigation was being dismissed; and (3) defendants have raised a potential meritorious defense to J&J's claims.  But given defendants' lengthy delay, I condition

27
28

        [1] (Dkt. #19.)

the set-aside of the default and default judgment on their payment of reasonable attorney's fees to J&J for its fees related to litigating the default and default judgment.

## I.   **DISCUSSION**

I may "set aside an entry of default for good cause."[2]  To determine "good cause," I "consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether [he] had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[3]  This standard is disjunctive— a finding that any these factors is true is sufficient for me to refuse to set aside the default.[4]  This is the same standard I apply when deciding whether to set aside a default judgment.[5]

"Crucially . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[6]  "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside."[7]

As a preliminary matter, J&J argues defendants' motion is untimely because it was not brought within a "reasonable time" as Rule 60 requires.[8]  Reasonableness is a factual question judged on a case-by-case basis.[9]  Part of the reason defendants delayed is that they were the

---

[2] Fed. R. Civ. P. 55(c).

[3] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotations omitted).

[4] *Id.*

[5] *Id.*

[6] *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

[7] *Id.* (citations omitted).

[8] Fed. R. Civ. P. 60(b)(1).

[9] *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

apparent victim of a fraud by a third party.  I find that, under the circumstances, defendants' delay of less than four months[10] is reasonable and therefore their motion is timely.

But in order to set aside the default and judgment, I must still consider (1) whether defendants were culpable, (2) whether they have meritorious defenses, and (3) whether J&J will be prejudiced.

### A.   Culpable conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."[11]  "Intentionally," in this context, means the defendant acted in bad faith to take "advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process."[12]

Defendants allege they purchased J&J's programming, for a substantial sum, from non-party Zona Rosa, Inc.[13]  Defendants aver they relied, in good-faith, on Zona's assurances that this litigation was a mistake and would be dismissed.[14]  J&J fails to rebut defendants' claim that their failure to respond to this lawsuit was a good-faith mistake.  There is no indication defendants benefited, or hoped to benefit, from waiting to hire counsel and proceed with their defense.  Their mere negligent failure to respond is not culpable conduct for purposes of Rules 55 and 60.[15]  This factor weighs in favor of setting aside the default and default judgment.

---

[10] (Dkt. #19.)

[11] *Id.*

[12] *Id.*

[13] (Dkt. #23 at 10.)

[14] (*Id.*)

[15] *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

Page 3 of 6

1

2
**B.**   <u>**Meritorious defenses**</u>

3
To satisfy the meritorious defense requirement, defendants must allege sufficient facts

4
that, if true, would constitute a meritorious defense.[16]  I need not determine whether those factual

5
allegations are true at this stage.[17]  J&J argues defendants have failed to provide documents in

6
support of their alleged defense.[18]  But a motion to set aside a default is not a forum to raise

7
evidentiary disputes.[19]  Defendants' allegations, for the purposes of this motion, are accepted as

8
true.[20]  The only question is whether defendants' allegations provide for a meritorious defense.

9
And I find they do.

10
First, J&J admits that defendants' good-faith allegations may warrant a reduction in

11
damages.  Other courts have confirmed that arguments directed at damages calculations qualify as

12
meritorious defenses.[21]  Second, defendants cite authority supporting their argument that a good-

13
faith mistake—a defense supported by defendants' specific allegations—[22] may be a defense to

14
J&J's general claims for liability under 47 U.S.C. §§ 605 and 553.[23]

15

16
_____

17
[16] *Id.*

18
[17] *Id.*

19
[18] (Dkt. #82.)

[19] *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

20
[20] *Id.*

21
[21] *Choice Hotels Int'l, Inc. v. Kusum Vali, Inc.*, No. 11CV1277 BTM WMC, 2012 WL

22
1570844, at *4 (S.D. Cal. May 3, 2012); *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74
F.3d 349, 354–55 (1st Cir.1996).  J&J seems to argue that defenses to damages calculations are

23
not "meritorious defenses."  But J&J cites little authority for this proposition and what it does cite
is ambiguous on this question.  *See* J & J Sports Prods., Inc. v. Aviles, No. 5:10-CV-04213-

24
JF/HRL, 2011 WL 1884617, at *3 (N.D. Cal. May 18, 2011) (rejecting damages defense because
allegations in complaint regarding damages need not be accepted as true—not holding that

25
defenses directed to damages are not "meritorious" for purposes of setting aside a default).

26
[22] (Dkt. #23 at 10.)

27
[23] *See, e.g., J & J Sports Prods., Inc. v. Gidha*, No. CIV-S-10-2509 KJM, 2011 WL

28
3439205, at *3 (E.D. Cal. Aug. 4, 2011); *J & J Productions, Inc. v. Schmalz*, 745 F.Supp.2d 844

1    This factor weighs in favor of setting aside the default.

2        **C.    Prejudice to plaintiffs**

3        "To be prejudicial, the setting aside [of the default] . . . must result in greater harm than

4    simply delaying resolution of the case."[24]  Rather, the question is whether plaintiffs will be

5    hindered in their ability to pursue their claim.[25]  Defendants argue that setting aside the default

6    will not prejudice J&J.  They point out that mere delay is not prejudice, and that delay is the only

7    harm plaintiffs have suffered.  J&J fails to identify how they will be hindered in pursuing their

8    claims if I set aside the default.[26]  This factor also weighs in favor of setting aside the default.

9

10       **D.    Conclusion**

11       All three factors weigh in favor of setting aside the default and judgment.  There is no

12   evidence defendants acted in bad faith, they have raised a potentially meritorious defense, and no

13   cognizable prejudice to J&J is apparent.  Given that a default and default judgment are drastic and

14   disfavored measures, I set them aside.

15       However, I have wide discretion to condition the setting aside of a default upon the

16   defaulting party's payment of the non-defaulting party's attorneys' fees.[27]  Given defendants'

17   delay in seeking to set aside the default, and the unfairness to J&J who was forced to litigate the

18

19

20   _____

21   (S.D.Oh.2010) (holding defendant was not liable under § 553 where it purchased program from
     cable provider on commercial account); *G & G Closed Circuit Event, LLC v. Nguyen*, No. 5:10-
22   CV-05722 EJD, 2012 WL 900750, at *2 (N.D. Cal. Mar. 15, 2012) ("District Courts have
     reached conflicting conclusions regarding whether strict liability applies to good faith
23   purchases.").

24       [24] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), as amended on
     denial of reh'g and reh'g en banc (May 9, 2001).

25       [25] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

26       [26] *TCI Grp. Life Ins. Plan*, 244 F.3d at 701.

27       [27] *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d
     1538, 1546 (9th Cir. 1988).

28                                    Page 5 of 6

default and judgment, I am conditioning the setting aside of the default upon defendants' payment of J&J's reasonable attorney's fees relating to the default and default judgment.  Plaintiff will submit an affidavit and appropriate documentation so that I may determine an appropriate award.

## II.    **CONCLUSION**

IT IS THEREFORE ORDERED that defendants' El Chamizal, LLC and Juan Moreno's motion to set aside default and default judgment (Dkt. #23) is GRANTED.

IT IS FURTHER ORDERED that the clerk's entry of default against defendants (Dkt. #12) and default judgment against defendants (Dkt. #19) are VACATED.  However, this relief is conditioned upon defendants paying to J&J reasonable attorneys' fees in an amount I will determine.  J&J shall submit an affidavit and appropriate documentation supporting a request for attorneys' fees incurred in connection with obtaining the default and default judgment by February 27, 2015.

IT IS FURTHER ORDERED that defendants shall file an answer to the complaint no later than March 10, 2015.  However, if defendants do not pay J&J the attorneys' fees I subsequently award, I may strike their answers and reinstate default and default judgment.

DATED this 17th day of February, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE